Dear Judge Morrison:
On behalf of the Louisiana District Judges= Association, the Louisiana Juvenile and Family Court Judges Association and Treasurer John Kennedy, you requested the opinion of this office concerning whether fees assessed by courts pursuant to La. R.S.46:236.5 are required to be deposited into the State treasury and appropriated by the Louisiana legislature in order for the courts to fund the cost of child support hearing officers.
As you stated in your request for this opinion, Louisiana has implemented expedited judicial proceedings to fulfill the provisions of Title IV-D of the Social Security Act, 42 U.S.C. § 651-669b, which require states to have expedited proceedings to establish paternity and to establish and enforce child support orders. Under La. R.S. 46:236.5, courts hearing child support and paternity matters are required to have procedures in place to expedite those cases. Each district or juvenile court in Louisiana having jurisdiction over child support and paternity matters may appoint a child support hearing officer to hear and make recommendations to the court in such cases.
There are currently twenty-three juvenile and district courts in thirty-eight parishes that utilize hearing officers to hear child support and paternity cases and make recommendations to the court regarding the disposition of those cases. By using hearing officers, the courts are able to docket more child support and paternity cases and dispose of those cases more quickly.
Under La. R.S. 46:236.5, courts using hearing officers are allowed to impose a fee of up to five percent of the obligation to fund the costs of the expedited proceedings. The obligors pay the fees in addition to their child support. The courts use the five percent fees to pay all of the costs associated with expedited judicial proceedings including salaries of hearing officers and other court personnel, courtroom and office space, supplies and equipment.
Prior to 1994, the Department of Social Services, Support Enforcement Services (the "Department") collected the fees for most courts. The Department deducted the fees from the child support payments and sent the fees to the court. During the years that the Department collected the fees for the courts, the court fees were not included in the Department=s budget.
In 1994, the federal Office of Child Support Enforcement decided that the Department could no longer collect the fees for the courts because of federal regulations. From 1994 until recently, the courts collected the expedited process fee by requiring obligors to send their payments to the courts. The courts deducted the court fees and sent the child support to the regional Support Enforcement Services office.
Under the federal Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (PRWORA), obligors and employers are now required to send child support payments to a state centralized collection unit. Louisiana=s centralized child support collection unit was established by La. R.S. 46:236.11.
La. R.S. 46:236.11 (B)(2) allows the courts to enter into cooperative agreements with the Department to collect the expedited fees for the courts. It is expected that the Department will begin collecting the expedited fees for the courts beginning April 1, 2000.
The question presented is whether the courts= expedited fees must be included in the Department=s budget and go through the appropriations process.
Article VII, Section 9 of the Louisiana Constitution La. R.S.49:308(A) provide that all money received by the state or by any state board, commission, or agency shall be deposited immediately upon receipt in the state treasury. La. R.S. 49:308(E)(2)(a) further provides that the term "state or state board, agency, or commission" does not include offices and officers referred to in Article V of the Constitution of Louisiana. The judicial branch of government is established by Article V of the Constitution. Therefore, monies received by the Department on behalf of the courts are not state funds under La. R.S. 49:308(E)(2)(a), and are not required to be deposited into the State Treasury. Since the funds are not required to be deposited into the State Treasury, they are not required to be appropriated by the legislature. See. La. Const. Article III, Section 16 and Article VII, Section 10. See also Atty. Gen. Op. No. 93-443.
This opinion is limited in its application solely to the fees imposed by the courts pursuant to La. R.S. 46:236.5 and to be used by the courts to fund the cost of child support hearing officers. No opinion is given concerning the deposit and appropriation of funds the Department receives to compensate it for the cost of collecting the court=s fee.
Trusting this adequately responds to your request, we remain,
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: MARTHA S. HESS Assistant Attorney General
RPI/MSH/dra
xc: Honorable William T. Kleinpeter La. Council of Juvenile and Family Court Judges Honorable Ronald D. Cox La. District Judges Asso. Honorable John Kennedy State Treasurer Renea Austin, Secretary Dept. of Social Services
Honorable Robert H. Morrison, III, Judge Louisiana District Judges Association Twenty-Third Judicial District Court P.O. Box 788 Amite, LA 70422
Date Received: Date Released: March 2, 2000
Martha S. Hess Assistant Attorney General